## Case No. 10,441.

### In re OEHNINGER.

[8 Ben. 487.] [1]

District Court. S. D. New York.    July. 1876.

ACT OF BANKRUPTCY — DISSOLUTION OF PARTNERSHIP BY DECREE OF COURT.

W., a member of a firm composed of W., O. & M., brought a suit in a state court against the other two members for a dissolution and closing up of the business of the firm, in which a decree was made dissolving the firm and appointing a receiver of the property to close up the business. O. thereafter filed a petition in bankruptcy, for himself and against W. and M., alleging the insolvency of the firm as a ground of adjudication. *Held*, that the petition for an adjudication, as to W. and M., must be denied.

This was a hearing on a petition for adjudication in bankruptcy. The petition was filed by John Ulrich Oehninger and set up that he, with Henry Wettstein and Albert Meyer, partners in business, under the name of Wettstein, Oehninger & Co., had for six months preceding the filing of the petition, carried on business in New York City, where Wettstein and Meyer had, during that period, resided, the petitioner having till recently resided in France: that the members of the co-partnership owed debts exceeding $300, and were unable to pay their debts in full: that the petitioner was willing to make a surrender of his property and of the property of the partnership for the benefit of creditors and desired to obtain the benefit of the bankruptcy act, but that Wettstein and Meyer refused to join him; and that a receiver had been placed in possession of the assets of the firm, by the collusion of the other two partners, and was disposing of the assets of the firm to the detriment of the creditors. The petition contained other former allegations. It was filed May 11th, 1876.

The other two partners answered separately, setting up, among other things, that Wettstein had brought a suit in the supreme court of the state of New York against the other two partners, for a dissolution of the firm and a winding up of the business: that the other two partners appeared in the action; and that, on May 1st, 1876, a judgment was entered in that action, dissolving the partnership, and appointing a receiver to take the property and close up the affairs of the firm. The issues were referred to the clerk, and, on his report, the matter was brought to a hearing before the court.

J. T. Langan, for Oehninger.

J. C. Bushnell, for Wettstein.

J. A. Balestier, for Meyer.

BLATCHFORD, District Judge. I am not furnished with the copy of the judgment record in the suit in the state court, which was put in evidence before the referee, but I assume that the facts set up in the answers put in, in this court, by Wettstein and Meyer, are true, and that the papers annexed to those answers are authentic. If this be so, it is apparent that the state court acquired jurisdiction of the persons of the three co-partners and of their co-partnership property, before the proceedings in bankruptcy were instituted. Those proceedings were not instituted by creditors, and the ground alleged for an adjudication is merely insolvency. This being so, an adjudication as to Wettstein and Meyer must be refused.